**AMERICAN CONVALESCENT CENTERS OF KENTUCKY, INC., Appellant,**

v.

**Jack DANIEL, Administrator of the Estate of Sylvia Moore, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

John W. Beard, Owensboro, William E. Allender, Allender, Simmons & Robertson, Bowling Green, for appellant.

William J. Rudloff, Harlin, Parker, Cole & Rudloff, Bowling Green, for appellees Jack Daniel, administrator of the estate of Sylvia Moore, deceased, and Silas E. Moore.

David C. Brodie, Owensboro, for appellee E. W. Richmond.

GARDNER, Commissioner.

Silas Moore and Jack Daniel, administrator of the estate of Sylvia Moore, sued E. W. Richmond and American Convalescent Centers of Kentucky, Inc. to recover on two promissory notes executed by E. W. Richmond, totaling $25,000. Convalescent filed a cross-claim against Richmond. Pursuant to a jury verdict it was adjudged that appellees recover of Convalescent the amount sued for. Appellees' claim and Convalescent's cross-claim against Richmond were dismissed. Convalescent appeals. We affirm.

American Convalescent Centers of Delaware was incorporated in August 1968. Richmond was the incorporator, director, president, and majority shareholder. By agreement dated September 26, 1968, Silas Moore and Sylvia Moore, husband and wife, promised to sell a lot in Bowling Green, Kentucky, to Richmond for $40,000, $15,000 of which was to be paid in cash and the remainder of $25,000 to be paid either in cash or in stock at the option of the Moores. For reasons not clearly shown the Moores had already executed a deed to Richmond for the property, the consideration as shown in the deed being $100 cash.

On April 22, 1969, American Convalescent issued and delivered 4,000 shares of unregistered stock to the Moores in full satisfaction of the purchase price of $40,000. The Moores accepted the stock and signed a release. The transmittal letter was written on Convalescent's stationery and was signed "American Convalescent Centers, Inc. By E. W. Richmond." On the same day the Moores received another letter, also on Convalescent's stationery, signed by "E. W. Richmond" but not indicating that he was signing in behalf of Convalescent, by which Richmond unconditionally guaranteed that the 4,000 shares of stock would have a value of $10 per share on the date of the public offering. Richmond further stated that if the opening price was less than $10 per share, Richmond would repurchase the stock within 30 days from the date of the public offering for $10 per share.

On April 25, 1969, Richmond conveyed the Moore lot to American Convalescent Centers of Delaware. Subsequently American Convalescent Centers of Kentucky was formed and merged with the Delaware Corporation.

Sylvia Moore died and Jack Daniel was appointed administrator of her estate. The shares had a value of less than $10 per share and demand was made on Richmond for $40,000 pursuant to his guarantee. Richmond assured Moore and the administrator that the corporation would honor the debt, but only after repeated requests did Richmond pay $15,000 on the amount owed. Requests for payment of the remainder were renewed, and on January 2, 1971, E. W. Richmond executed and delivered to Moore and the administrator two promissory notes totaling $25,000. When the notes matured Moore and the administrator instituted action against Richmond and Convalescent.

Convalescent contends that Richmond was not acting as an agent for the corporation when he guaranteed the value of the stock and executed the promissory notes to Daniel and Moore. Convalescent also insists that any obligation owed to the Moores was terminated when the Moores signed the release upon receipt of the 4,000 shares of stock. Furthermore, they argue that the statute of frauds was not satisfied, that the pleadings were insufficient, and that the instructions and form of verdict were faulty.

■ There was sufficient evidence to merit a jury question on the issue of agency. Richmond testified that he was always dealing with the Moores as agent and representative of Convalescent, that he informed the officers and directors of his actions, and that they were aware of his activities. He also testified that the officers and directors had authorized him to proceed in the manner he did, including the execution of the promissory notes. Rich-

mond also testified that he guaranteed the stock and issued the notes in his own name in accordance with the wishes of the Board of Directors, so that the transactions would not appear on the corporate prospectus as a corporate liability. In Paducah Newspapers v. Goodman, 251 Ky. 754, 65 S.W.2d 990 (1933), this court reiterated the prevailing rule that " * * * if the corporation allows its official in the regular course of business to make contracts and to carry on its work without objection from its board of directors and thereafter receives and appropriates the benefit of his work, it is bound by his acts." The case further states " * * * a corporation may be bound by its officer or agent acting in the regular course of business, even though no specific authority be granted by the board of directors, if by subsequent action, the board ratifies his acts, or acquiesces therein and receives the benefits or advantages arising from his actions." In First Nat. Bank v. Bryan, 215 Ky. 338, 285 S.W. 239, 241 (1926), we said, "Nothing is better settled than that a corporation may be bound by its officers or agents acting in their regular course of business, even though no specific authority be granted by the board of directors, if by subsequent action the board ratifies the acts of the officer or agent, or acquiesces therein by receiving the benefits or advantages arising from the contractual relations."

Certainly Richmond's testimony is sufficient to raise a jury question as to whether or not Convalescent allowed Richmond to proceed in the matter and then enjoyed the benefits of his action by having this indebtedness omitted from the prospectus.

■ Convalescent has made the contention that appellees made no allegation in their complaint alleging that at the time Richmond signed the two notes he was acting as a representative of American Convalescent. Appellees did, however, allege in the complaint that "At all times mentioned hereinabove, the defendant E. W. Richmond was acting individually and also as the agent and officer of the defendant American Convalescent Centers of Kentucky, Inc. and its predecessor corporation, American Convalescent Centers, Inc.," which sufficiently raised the issue of agency.

Since it is being held that recovery may be had on the basis of agency, it is unnecessary to consider the other ground for recovery, namely, that in the deed from Richmond to Convalescent, Convalescent agreed to assume the indebtedness of Richmond in the acquisition of the property. Convalescent asserts that the verdict against it was improper. We disagree. Convalescent, insofar as its cross-claim is concerned, argues only that we should direct that judgment be entered against Richmond only. In view of our disposition of the case this argument must also fail.

The judgment is affirmed.

All concur.